# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS TOM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COM DEV USA, LLC; COM DEV USA, LLC EMPLOYEE BENEFIT PLANS COMMITTEE; COM DEV USA RETIREMENT PLAN,<br><br>Defendants. | Case No. 2:16-cv-01363 PSG(GJSx)<br><br>[Hon. Philip S. Gutierrez]<br><br>**FINAL APPROVAL OF SETTLEMENT** |

      This matter having come before the Court for hearing on Final Approval of Settlement pursuant to the Court's Order entered September 18, 2017, (Doc. 149), now upon application of the parties for approval of the Class Action Settlement ("Settlement") set forth in the Settlement Agreement ("Agreement"), and due and adequate notice having been given to the Settlement Class members as required in the Preliminary Approval Order and the Court having considered all papers filed and proceedings had herein, including the Final Approval Hearing held on December 4, 2017, to determine the fairness of the Settlement and Plaintiff's Motion for Attorneys' Fees and Costs and for a Case Contribution Award, (Doc. 151), and otherwise being fully informed in the premises and for good cause appearing therefore, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and further finds that Plaintiff's application for attorneys' fees and costs is fair and reasonable.

      Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment Approving the Agreement incorporates by reference the definitions in the Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all members of the Settlement Class.

3. After consideration of the evidence, the Court further finds that the mailing of the Notice constituted the best notice practicable under the circumstances, and that such individual notice to all Settlement Class members constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Settlement Class members, directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Agreement.

5. Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement.

6. The Court hereby approves the following findings of fact:
   A. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the Action, the

parties have exchanged thousands of pages of documents and electronic data. Throughout the Action, Class Counsel has worked with an actuarial expert to determine damages and has information on which to make an informed decision about the Settlement.

B. Class Counsel and Class Counsel's actuary worked diligently and reasonably to create the Revised Plan of Allocation, which was submitted to this Court on October 30, 2017 and served on Defendants on October 27, 2017, and the Plan of Allocation is fair, reasonable and equitable.

C. The Settlement provides for a Gross Settlement Amount, including Settlement Benefits and Class Counsel's Fee Award and Case Contribution Award, in an aggregate value of $4,085,000. After adjustment for the Fee Award and Case Contribution Award, all Settlement Benefits will be allocated to Eligible Participants, Eligible Beneficiaries, surviving spouses and estate representatives as set forth in the Plan of Allocation.

D. The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary recovery for Settlement Class members.

E. Given the complexity of the issues and the risks to the Settlement Class and the further delay that would be entailed in continued litigation, including potential trials, and the subsequent appeal of any judgment after such trials, the Settlement is fair, reasonable and in the best interests of the Settlement Class.

F. Considering the rulings to date and considering the uncertainty of the outcome of the pending motion to decertify the class, the

possibility of trial and appeal and the expected duration of litigation, the amount offered in the Settlement is highly favorable.

G. Class Counsel has extensive experience in ERISA litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiff and the Settlement Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Action and because of their extensive experience in similar actions.

H. The Settlement is the result of an extensive arm's length adversarial negotiation and mediation process. The parties engaged in mediation with Michael Dickstein, Esquire, a nationally recognized and highly experienced mediator with substantial complex class action knowledge.

I. All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, including the Plan of Allocation to ensure a fair, adequate and equitable distribution of Settlement Benefits.

J. As set forth in Plaintiff's Motion for Attorneys' Fees and Costs and supporting documentation, (Docs. 151-152, 156-161), Class Counsel's Fee Application, which consisted of a request for an amount for attorney's fees of $1,225,500 and $83,912.23, in costs for a total of $1,309,412.23, and the Case Contribution Award of $35,000 is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit. The Fee Award, to be deducted from the Settlement Amount, represents attorney's fees and costs reasonably expended in prosecuting the Action.

7. The terms and provisions of the Settlement as embodied by the parties' Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Rules of this Court and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Agreement and this Order and Final Judgment.

8. The Court hereby approves the Retirement Plan Amendment and awards Settlement Benefits to the members of the Settlement Class consistent with the Plan of Allocation and the terms of the Agreement.

9. The Plan of Allocation is hereby approved as fair and reasonable. The distribution to Settlement Class members as set forth in the Plan of Allocation is final and non-appealable. As set forth in the Agreement, Defendants shall take all reasonable and diligent steps to pay all eligible Settlement Class members by the Initial Payment Date in accordance with the terms of the Agreement.

10. In accordance with the Agreement, Defendants shall not be liable to any person for any determinations made by Class Counsel on the Plan of Allocation or for any mistakes, incorrect or incomplete data relied upon by Named Plaintiff and Class Counsel in preparing and producing the Plan of Allocation.

11. Named Plaintiff's request for a Case Contribution Award in the amount of $35,000.00 is granted, and this amount shall be deducted from the Settlement Amount. Such payment shall be made within twenty-one (21) days of the Effective Date as set forth in the Agreement. The Case Contribution Award represents the reasonable value of the services provided by Named Plaintiff to the Settlement Class.

12. Plaintiff's Motion for an Award of Attorneys' Fees and Costs is granted. Defendants are hereby ordered to pay Class Counsel's attorneys' fees in the

amount of $1,225,500 and costs and expenses in the amount of $83,912.23 for a total payment of $ $1,309,412.23 as attorneys' fees and costs. Such fees and costs shall be paid to Class Counsel within twenty-one (21) days of the Effective Date as set forth in the Agreement.

13. Named Plaintiff, and each of the Settlement Class members, on behalf of themselves, their successors, assigns, and any other person claiming (now and in the future) through or on behalf of them, and regardless of whether any such Named Plaintiff or Settlement Class member ever obtains by any means any distribution from the Settlement, are deemed to have, and by operation of the Final Judgment have fully, finally and forever settled, released, relinquished, waived and discharged all Released Claims against all Released Parties and shall have covenanted not to sue all such Released Parties with respect to all such Released Claims, and are permanently barred and enjoined from instituting, commencing, or prosecuting a separate action with respect to any such Released Claim against any Released Parties, even if any member of the Settlement Class may hereafter discover facts in addition to or different from those which the members of the Settlement Class now know or believe to be true with respect to the Action and the Released Claims.

14. The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating and supervising the interpretation, implementation, and enforcement of the Agreement and any disputed questions of law or fact related thereto as provided in the Agreement.

15. The Action is hereby dismissed with prejudice as to the Settlement Class, without additional cost to any of the Parties other than as provided for in the Agreement and herein.

16. The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).